IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| VARTOUHI PINKSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:23-cv-367 (MTT) |
| | ) |
| COUNTY OF MACON-BIBB, GEORGIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### ORDER

Pro se plaintiff Vartouhi Pinkston claims the defendants have "unconstitutionally and criminally" applied "an ad valorem tax scheme to [her] property" in violation of the Fifth and Fourteenth Amendments. Doc. 1 ¶¶ 84-85. The defendants move to dismiss Pinkston's complaint. Docs. 5; 7. For the reasons that follow, the defendants' motions (Docs. 5; 7) are **GRANTED**.

Pinkston's complaint is difficult to parse. She alleges that the defendants are "unlawfully" assessing and collecting ad valorem property taxes based on the fraudulent classification of her property as "commercial." Doc. 1 ¶ 17. But Pinkston also claims that the defendants have fraudulently classified her property as "residential." *Id*. ¶¶ 62-74. Regardless of the specific classification, Pinkston argues that any collection of property taxes is unlawful because the Georgia Constitution does not authorize the defendants to tax her property. *Id*. ¶ 23.

Pinkston asserts claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985, 18 U.S.C. § 241, and 18 U.S.C. § 242 against Macon-Bibb County, Macon-Bibb County Tax Commissioners Office, Macon-Bibb County Board of Tax Assessors, the Georgia Department of Revenue, Samuel Wade McCord (i.e., the Macon-Bibb County Tax Commissioner), and Jean Hagood (i.e., the Chairman of the Macon-Bibb County Board of Tax Assessors).  *Id*. ¶¶ 84-97.  Pinkston requests injunctive relief to prevent the defendants from imposing the ad valorem tax on her property, $ 20,165.15 in compensatory damages for the alleged unlawful collection of ad valorem tax from 2006 to 2022, and punitive damages.  *Id*. ¶¶ 3, 98, 102.  The defendants move to dismiss Pinkston's complaint for failure to state a claim, failure to serve, and lack of jurisdiction. Docs. 5; 7.

As a preliminary matter, Pinkston's claims under § 241 and § 242 are improper. Section 241 and 242 are criminal statutes and do not provide a private right of action. *See, e.g., Fiorino v. Turner*, 476 F. Supp. 962, 963 (D. Mass. 1979) ("[P]laintiff has failed to cite, and the court has been unable to locate, any authority which would support implying a civil cause of action for violations of" § 242.); *Keyter v. Bush*, 2005 WL 375623, at *1 (D.C.Cir. Feb 16, 2005) (affirming dismissal of claims "pursuant to 18 U.S.C. §§ 4, 241, and 242, because, as criminal statutes, these statutes do not convey a private right of action"), *cert. denied,* 546 U.S. 875 (2005); *see also Pope v. Thornburgh,* 978 F.2d 744 (D.C.Cir.1992); *Rockefeller v. U.S. Court of Appeals Office for Tenth Circuit Judges,* 248 F.Supp.2d 17, 23 (D.D.C.2003); *Figueroa v. Clark*, 810 F. Supp. 613 (E.D.Pa.1992); *Powell v. Kopman*, 511 F. Supp. 700 (S.D.N.Y.1981); *Purk v. United States*, 747 F. Supp. 1243 (S.D. Ohio 1989).

Furthermore, Pinkston's claims under § 1983 and § 1985 are barred by the Tax Injunction Act.[1] The Tax Injunction Act provides that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."  28 U.S.C. § 1341.  "The Tax Injunction Act is a 'jurisdictional rule' and constitutes a 'broad jurisdictional barrier.'"  *I.L. v. Alabama*, 739 F.3d 1273, 1282 (11th Cir. 2014) (quoting *Moe v. Confederated Salish & Kootenai Tribes of Flathead Rsrv.*, 425 U.S. 463, 470 (1976)).  The Act "was intended to prevent taxpayers from using federal courts to raise questions of state or federal law relating to the validity of particular taxes."  *Osceola v. Fla. Dep't of Revenue*, 893 F.2d 1231, 1232-33 (11th Cir. 1990).  "After passage of the Act, a taxpayer must follow required state procedure and is generally deprived of access to federal courts to obtain determination of federal issues."  *Id*. at 1233.

Thus, it is well settled that the Act bars injunctive relief, declaratory relief, and damages if "(1) the relief requested by the plaintiff will 'enjoin, suspend, or restrain' a state tax assessment and (2) the state affords the plaintiff a 'plain, speedy and efficient

---

[1] Pinkston also fails to state a claim under § 1985.  She alleges that the defendants have "directly deprived [her] and all classes of persons and people (homeowners) of equal protection of the laws … pursuant to … the United States Constitution, Fifth and Fourteenth Amendments."  Doc. 1 ¶ 94.  It appears that Pinkston is alleging a claim under § 1985(3), which is a remedial statute "providing a civil cause of action when some otherwise defined federal right—to equal protection of the laws or equal privileges and immunities under the laws—is breached by a conspiracy."  *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 376 (1979).  The Supreme Court has explained that "[t]he language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."  *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).  Pinkston does not allege that she was subject to "racial" or "class-based" animus.  In fact, she alleges the opposite—that "*all* classes of persons" are victims of a conspiracy by the defendants to deprive them of their rights under the Fifth and Fourteenth Amendments.  Doc. 1 ¶ 94 (emphasis added).  Thus, Pinkston has failed to state a claim under § 1985.

And to the extent Pinkston is alleging a § 1985 claim based on violations of rights protected by the "Georgia Constitution" that claim also fails because § 1985 only protects against the deprivation of a *federal* right.  *See Novotny*, 442 U.S. at 376; Doc. 1 ¶ 94.

remedy.'"[2]  *Williams v. City of Dothan, Ala.*, 745 F.2d 1406, 1411 (11th Cir. 1984) (quoting 28 U.S.C. § 1341); *Osceola*, 893 F.2d at 1232-33; *see also Drayton v. McIntosh Cnty., Georgia*, 434 F. Supp. 3d 1374, 1379 (S.D. Ga. 2020).  "[T]he burden rests on the plaintiffs to show facts sufficient to overcome the jurisdictional bar of the Tax Injunction Act."  *Amos v. Glynn Cnty. Bd. of Tax Assessors*, 347 F.3d 1249, 1256 (11th Cir. 2003), *abrogated on other grounds by Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005).

Pinkston's complaint is barred by the Tax Injunction Act because her claims are based entirely on the premise that her property should not be assessed ad valorem taxes and O.C.G.A. § 48-5-311 and § 48-5-380 provide an adequate remedy under state law.  First, Pinkston requests that the court "enjoin above named Defendants' imposition of an ad valorem tax on Plaintiff's property" and refund her for previously assessed ad valorem taxes.  Doc. 1 ¶¶ 3, 98.  In other words, Pinkston is seeking a federal-court order "enabling [her] to avoid paying state taxes," which is the type of case "Congress wrote the Act to address."  *Hibbs*, 542 U.S. at 107.

Second, Georgia law provides an independent, adequate statutory remedy.  Specifically, O.C.G.A. § 48-5-311 "provides a statutory appeal system which authorizes any taxpayer to appeal from an assessment by the county board of tax assessors 'as to matters of taxability, uniformity of assessment, and value, and as to denials of homestead exemptions.'"  *Vann v. DeKalb Cnty. Bd. of Tax Assessors*, 186 Ga. App. 208, 210, 367 S.E.2d 43, 46 (1988) (quoting O.C.G.A. § 48-5-311(e)(1)).  Furthermore,

---

[2] "State taxation, for § 1341 purposes, includes local taxation."  *Hibbs v. Winn*, 542 U.S. 88, 100 n.1 (2004).

O.C.G.A. § 48-5-380 provides a mechanism for taxpayers to seek a refund "to correct errors of fact or law which have resulted in erroneous or illegal taxation." *Gwinnett Cnty. v. Gwinnett I Ltd. P'ship*, 265 Ga. 645, 646, 458 S.E.2d 632, 634 (1995). Thus, Pinkston has at least two remedies under state law to seek redress for her alleged injuries.

Pinkston contends these remedies are inadequate because O.C.G.A. § 48-5-311 and § 48-5-380 confer "personal and subject matter jurisdiction over "TAXPAYERS" ONLY, which Plaintiff is not" and, thus, she cannot challenge the assessment of ad valorem tax on her property under the statutes. Doc. 16 at 4 (emphasis in original). Not so. O.C.G.A. § 48-5-311(e) allows any "property owner" to file an appeal of a decision "by the county board of tax assessors." Pinkston alleges that she is a property owner. Doc. 1 ¶ 13. And O.C.G.A. § 48-5-380(b) allows individuals "from whom a tax or license fee was collected" to submit a refund request. Pinkston alleges that the defendants collected over $20,000 of "unlawful" ad valorem taxes from her between 2006 and 2022. Doc. 1 ¶ 98. While Pinkston contends that the defendants' collection of ad valorem tax is unlawful, that does not mean she is unable to challenge its imposition under the applicable Georgia statutes.

In sum, Pinkston has not presented any factual allegations or argument demonstrating why either of these remedies is inadequate and it is her burden to do so. *Amos*, 347 F.3d at 1256. Thus, Pinkston has not overcome the jurisdictional bar of the Tax Injunction Act. *See Terry v. Crawford*, 615 F. App'x 629 (11th Cir. 2015) (affirming

-6-

dismissal of plaintiff's claim that Alabama improperly assessed ad valorem taxes under the Tax Injunction Act).[3]

For the reasons stated, the defendants' motions to dismiss (Docs. 5; 7) are **GRANTED**.  Pinkston's complaint (Doc. 1) is **DISMISSED without prejudice.**.

**SO ORDERED**, this 9th day of February, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] Although *Terry* is an unpublished decision and thus non-binding, its facts are very similar to those before the Court and its reasoning is persuasive.